BANDY v. BANDY.

Opinion delivered July 12, 1926.

DIVORCE—PREMATURE DECREE—WAIVER OF DEFENSE.—A petition to set aside a decree of divorce on the ground that it was prematurely rendered after the case had been postponed to give petitioner an opportunity to defend, *held* properly refused where petitioner was in the court room and made no defense when the case was called.

Appeal from Lawrence Chancery Court, Eastern District; *Lyman F. Reeder,* Chancellor; affirmed.

STATEMENT OF FACTS.

On the 2d day of December, 1924, Joe Bandy filed a petition in the chancery court of Lawrence County to set aside a divorce decree against him rendered by said court on October 31, 1924.

According to the allegations of his petition and the proof made by him, on September 19, 1924, his wife, Fredea Bandy, filed a complaint for divorce against him on the statutory ground that he had offered such indignities to her person as to render her condition in life intolerable.

On October 28, 1924, Joe Bandy filed an answer in which he denied the allegations of the complaint. On the 31st day of October, 1924, the chancery court tried the case upon the complaint and answer and the oral testimony introduced by the plaintiff. It was decreed that the plaintiff, Fredea Bandy, be divorced from the defendant, Joe Bandy. No appeal was taken from this decree.

The motion to set aside the divorce decree was filed at a subsequent term to its rendition.

Joe Bandy has duly prosecuted an appeal from an order or decree of the chancery court denying his petition to set aside the divorce decree against him.

*Cooley, Adams & Fuhr,* for appellant.

*Smith, Jackson & Blackford,* for appellee.

HART, J., (after stating the facts). Joe Bandy filed his motion to set aside the divorce decree in favor of his wife, on the second day of December, 1924, and it was overruled by the court on January 5, 1925, which was during the same term of the court. The sole ground relied upon to set aside the divorce decree was that it was prematurely rendered. The record shows that it was the practice of the court to hear divorce cases on oral testimony; and the case against the defendant, Joe Bandy, was postponed for the purpose of giving him an opportunity to defend the suit.

When the case was called for hearing, the defendant, Joe Bandy, was present in the courtroom, and made no defense to the action. Under these circumstances,

his presence in court amounted to a consent that the case should be heard and determined. He had the opportunity to make any defense to the action that he might have, and, having failed to do so, he is not in an attitude to complain that the court refused to set aside the divorce decree.

.The record shows that the plaintiff, Fredea Bandy, acted throughout in the. utmost good faith, and, since the decree of divorce was determined, has married another man in the State of Missouri.

It follows that the decree of the chancery court refusing to set aside the divorce decree should be affirmed, and it is so ordered.